**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

                                :
JOAN SIMPSON,                   :  CIVIL ACTION NO. 12-2679 (MLC)
                                :
     Plaintiff,                 :      O P I N I O N
                                :
     v.                         :
                                :
KOHL'S DEPARTMENT STORES, INC., :
                                :
     Defendant.                 :
                                :
```

**THE PLAINTIFF** (1) is a Delaware citizen, and (2) brought this action in New Jersey state court against the defendant, Kohl's Department Stores, Inc. ("KDS") to recover damages for injuries sustained on KDS's premises in New Jersey. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)[1] KDS, according to its own allegations, "is a Delaware corporation with its principal place of business in . . . [Wisconsin] and thus is a citizen of those states pursuant to 28 U.S.C. § 1332". (Rmv. Not. at 3.) The Court has confirmed KDS's allegations as to KDS's citizenship through independent research.

**KDS** removed the action under 28 U.S.C. § ("Section") 1332. (Id.) But KDS is deemed to be a citizen of both Delaware and Wisconsin, as "[a] corporation is a citizen both of the state

---

[1] KDS is improperly listed as "Kohls Department Store" in the Complaint and on the Court's docket, and is improperly listed as "Kohl's Department Stores Inc." in the caption of the Notice of Removal. The Court will use KDS's proper name.

where it is incorporated and of the state where it has its principal place of business". Swiger v. Allegheny Energy, 540 F.3d 179, 182 (3d Cir. 2008); see 28 U.S.C. § 1332(c)(1); Carolina Cas. Ins. Co. v. Ins. Co. of N. Am., 595 F.2d 128, 130 n.1 (3d Cir. 1979); see also Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290-91 (3d Cir. 1998) (stating Section 1332 jurisdiction absent, as (1) plaintiff was a New Jersey citizen, and (2) defendant was deemed to be a New Jersey citizen as well because defendant was incorporated in Indiana and had its principal place of business in New Jersey).[2] As plaintiff is a Delaware citizen, KDS is not a "citizen[] of [a] different State[]" in relation to the plaintiff. 28 U.S.C. § 1332(a)(1). The pleadings demonstrate that Section 1332 jurisdiction is lacking. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); see also Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004) (stating "subject matter jurisdiction is never waived").

---

[2] Section 1332 "does not permit" KDS "to select among [its] two jurisdictional citizenships in order to preserve or defeat diversity. Diversity must be satisfied by both corporate citizenship designations; otherwise, the corporate citizenship provision would accomplish nothing." Caribbean Telecomms. v. Guy. Tel. & Tel. Co., 594 F.Supp.2d 522, 530 (D.N.J. 2009).

2

**THE COURT** will remand the action now.  See 28 U.S.C. § 1447(c).  The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  May 7, 2012